

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2008

# Rohn v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rohn v. Beard" (2008). *2008 Decisions.* Paper 1458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-140**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4833
_____

JAMOD-KHALIL ROHN,

Appellant

v.

JEFFREY BEARD, in his individual and official capacities as Secretary of the
Department of Corrections; HARRY WILSON, in his individual and official capacities as
Superintendent of SCI Fayette; EDWARD MANCHAS, in his individual and official
capacities as Captain: Head of Security; MARIANNE HAMMAKER, in her individual
and official capacities as Notary Public of SCI Fayette; CAROL A. SCIRE, in her
individual and official capacities as Grievance Coordinator of SCI Fayette; DAN
BURNS, in his individual and official capacities as Major of the quards of SCI Fayette;
DANIEL E. HOOPER, in his individual and official capacities as Lieutenant of SCI
Fayette; MIKE OPPMAN, in his individual and official capacities as Business Manager
of SCI Fayette; JAMES REED, in his individual and official capacities as Grievance
Coordinator of SCI Fayette

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00783)
District Judge: Honorable David S. Cercone

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6
February 22, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed:  March 11, 2008 )

_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of Jamod-Khalil Rohn's civil rights complaint. For the following reasons, we will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(ii).

On June 8, 2007, Appellant, an inmate at State Correctional Institution-Fayette, initiated a pro se civil rights action under 42 U.S.C. § 1983. Rohn alleged that in July 2005, prison officials seized legal materials from his cell. Rohn previously brought the same claim in District Court, which granted the defendant's motion for summary judgment due to Rohn's failure to exhaust his administrative remedies. See Rohn v. Beard, 2007 WL 709324 (W.D. Pa. Mar. 2, 2007). In this case, Rohn argued that he properly exhausted the claim through the prison grievance processes by filing an administrative appeal. The District Court dismissed Appellant's complaint for failure to state a claim.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). Plenary review requires us to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). Under 28 U.S.C.

2

§ 1915(e)(2)(B)(ii), we must dismiss an appeal if it fails to state a claim on which relief may be granted.

The Prison Reform Litigation Act (PLRA) requires that a prisoner exhaust any available administrative remedies before bringing a § 1983 suit in federal court. See 42 U.S.C. § 1997e(a). We have previously held that the exhaustion requirement of the PLRA includes a procedural default component. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). If Rohn has failed to exhaust all remedies and he has no further processes available in the prison system because of, for example, an untimely administrative appeal, his claim would be barred in federal court. Id. at 227-230.

According to Rohn's own filings, he submitted his first grievance on July 25, 2005. Rohn did not file an intermediate appeal until February 7, 2007, at which time his appeal was dismissed as untimely and non-compliant with prison policy. On March 20, Rohn's request for appeal to final review was dismissed because of his untimely intermediate appeal. Thus, Rohn has failed to successfully avail himself of the prison's administrative grievance procedure. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining the grievance review process). Therefore, the District Court properly dismissed his claims as procedurally defaulted.

In sum, because Rohn's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).